THE STATE, EX REL. BOWLING, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 82AP-243—Decided
September 14, 1982.)

Schulzinger & Immerman Co.,
L.P.A., and Mr. Harvey A. Immerman,
for relator.

Mr. William J. Brown, attorney general, and Mr. Merrill H. Henkin, for respondent Industrial Commission.

Ms. Glenda Morgan Daker, for respondent Fennell Co.

STRAUSBAUGH, J. This is an original action in mandamus brought by relator-claimant against the respondents, alleging that the denial by the Industrial Commission of relator's application for an additional award for a violation of a specific safety requirement was a gross abuse of discretion.

The determination of disputed factual situations is within the final jurisdiction of the Industrial Commission. State, ex rel. Allied Wheel Products, v. Indus. Comm. (1956), 166 Ohio St. 47 [1 O.O.2d 190].

Before a writ of mandamus may issue, relator's right thereto must be clear. The writ will not issue in a doubtful case or where the effect of its issuance would be to control the discretion of the one against whom it would be directed. The actions of the Industrial Commission in the field assigned to it by statute are presumed to be in all respects valid, and in the exercise of good faith and sound judgment. State, ex rel. Gerspacher, v. Coffinberry (1952), 157 Ohio St. 32 [47 O.O. 31].

The record indicates that, in early 1978, the employer was engaged as a mechanical contractor at the Evendale plant of the Formica Corporation. On February 28, 1978, the employer employed relator as a pipefitter, which job required relator to weld pipe which was approximately twelve feet in the air. Relator and a fellow employee, Stanley J. Rolf, set up a mechanical scaffold across from the structural steel of the building in the area in which the relator was working. There was further evidence that it was necessary to place a board between the scaffold and the structural steel in order for relator to stand on the board while completing his weld. Rolf brought a board with green and white paint spots on it to relator. It was not marked with red paint or with the employer's initials indicating that it was the property of the employer. Relator testified that he tested the board and also observed nothing visibly wrong with it before using it. L. M. Pockras, P.E., of A.M. Kinney, Inc., filed a report stating that he believed the break in the board occurred because of a long spike knot existing in the bottom of the plank at the point of break, which spike knot extended for about six inches of the nine-inch width of the plank and for about three-quarters of the one and one-half-inch depth, thus decreasing the effective cross-section area of the plank by about thirty-three percent; that the allowable safe-load on the plank would be approximately one hundred five pounds at the point of break; and that obviously the allowable safe-load was significantly exceeded, causing the failure of the plank. He added that further examination revealed the presence of additional spike knots in the bottom of the plank.

The employer states that it had no knowledge concerning the board in question, which it states, is not the property or the responsibility of the employer.

The specific safety requirement alleged to have been violated is Rule IC-3-07-03, which has since been replaced by Ohio Adm. Code 4121:1-3-10, which provided:

"(B)  Planks. Planks used in scaffolds * * * shall be a minimum width of ten (10) inches and a minimum thickness of (2) inches — nominal dimensions — and shall be straight, close-grained and free of visible defects such as large knots, decay and shakes."

In State, ex rel. Ceckitti, v. Indus.

*Comm.* and *State, ex rel. Lehman,* v. *Indus. Comm.* (Dec. 23, 1981), Nos. 81AP-594 and 81AP-595, unreported, this court held that:

"The mere presence of knots is not a violation of the specific safety requirement herein, but, rather, for there to be a violation there must be *large* knots. * * *"

Here we find there is evidence to support a finding by the Industrial Commission that the plank in question was not the property of, or under the control of, the employer, or that, even if it were, the knot was not large or visible so as to be a violation of the rule in question. We, therefore, find there was ample evidence to support the finding of the Industrial Commission and, therefore, deny the application of relator for a writ of mandamus.

*Writ denied.*

WHITESIDE, P.J., and MOYER, J., concur.